UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS (CHICAGO)

| | |
|---|---|
| MARK HANSEN,<br>        Plaintiff,<br><br>v.<br><br>AXOS FINANCIAL, INC.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC;<br>        Defendants. | CASE NO. 1:25-cv-07380<br><br>Judge Joan B. Gottschall |

**TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant consumer reporting agency Trans Union LLC ("Trans Union"), by counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint (the "Motion").

The Motion should be granted and Plaintiff's Amended Complaint dismissed, with prejudice, in this case where Plaintiff falsely claims that Trans Union violated the Fair Credit Reporting Act by accurately reporting that his Axos mortgage was 30 days late after Plaintiff submitted a partial payment and did not cure the deficiency until the following month because:

    A.    Plaintiff fails to allege an actionable inaccuracy in Trans Union's reporting, and case law holds that inaccurate credit reporting is a prima facie element of a claim under the FCRA; and

    B.    Plaintiff's Amended Complaint should be dismissed with prejudice because Plaintiff cannot manipulate the facts to state an actionable claim against Trans Union under the FCRA.

I.  **INTRODUCTION**

Plaintiff claims in this case that Trans Union violated the Fair Credit Reporting Act ("FCRA") by reporting and verifying that his Axos mortgage was 30 days late in November 2023. *See* Amended Complaint [Dkt. No. 39] ¶¶ 30, 79-96. Plaintiff alleges that in September 2023, Axos "forcibly placed an insurance plan on Plaintiff's mortgage in the amount of $36.18 to be spread over 12 months, increasing the Plaintiff's monthly payment by $3.02 every month beginning October 1, 2023, to $1,503.19."[1] *Id*. ¶ 22. On October 1, 2023, Plaintiff claims that he made his regular mortgage payment of $1,501.00. *Id*. ¶ 23. Then on October 23, 2023, or October 27, 2023,[2] Plaintiff's bank sent Axos a payment for $36.18. *Id*. ¶¶ 24-25. However, "Axos claims they did not receive the Plaintiff's payment until November 1, 2023, and placed the Plaintiff's October mortgage payment in a suspense account." *Id*. ¶ 26. Nevertheless, Plaintiff received a letter in October 2024 (one year later) confirming that his November and December 2023 payments were made on time. *Id*. ¶ 29. Despite this, Plaintiff claims that Axos reported that his mortgage was 30 days late in November 2023.[3] *Id*. ¶ 28.

II. **STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading state that success on the merits

---

[1] It is unclear why Plaintiff characterizes the escrow analysis as "forcible," since these measures are typical for all mortgage accounts, unless the consumer has negotiated to separately pay all applicable taxes and insurance premiums, which Plaintiff has not alleged that he did. Perhaps Plaintiff is a new homeowner and does not understand this.

[2] Plaintiff alleges the bank sent a payment on October 23, 2023 (Amended Complaint ¶ 24), but that the check was dated October 27, 2023 (*id*. ¶ 25). It appears that one of these dates must be incorrect, but it is not material for purposes of this Motion.

[3] Plaintiff alleges that the account reported to Trans Union as late in November 2023, but that it reported as late to Experian in October 2023.

is more than a "sheer possibility." *Id.* The court must take the plaintiff's well-pled allegations as true, but Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### III. ARGUMENT

#### A. Plaintiff Fails To Allege An Actionable Inaccuracy In Trans Union's Reporting, And Case Law Holds That Inaccurate Credit Reporting Is A Prima Facie Element Of A Claim Under The FCRA.

To establish a claim under Section 1681e(b) or 1681i of the FCRA Plaintiff must, at a minimum, demonstrate an inaccuracy in Trans Union's reporting. *See, e.g., Kuehling v. Trans Union, LLC*, 137 Fed. Appx. 904, 908 (7th Cir. 2005) ("Without evidence of some inaccuracy in the Trans Union report or reinvestigation, [plaintiff] cannot establish that Trans Union violated the FCRA—either §1681e(b) or § 1681i(a)(1)(A)"); *see also Denan v. Trans Union LLC*, 959 F.3d 290, 298 (7th Cir. 2020) (same); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (same); *Sarver v. Experian Info. Sols.,* 390 F.3d 969, 971 (7th Cir. 2004) (same).

Such inaccuracy must be <u>factual</u> in nature, and certain types of disputes, like this one, are not actionable under the FCRA because the level of reinvestigation required to resolve the issue goes beyond what consumer reporting agencies ("CRAs") are called to do under the statute when performing a reasonable reinvestigation. Specifically, CRAs are not required "to determine the legality of a disputed debt." *Denan*, 959 F.3d at 295. Where a consumer disputes the <u>legal</u> validity of an underlying debt, court have held that such a dispute is an impermissible collateral attack against the underlying creditor, which Trans Union is "neither qualified nor obligated to resolve" under the FCRA. *Id.; see also, e.g., Edwards v. Equifax Info. Servs., LLC*, No. 117CV03096RLMMPB, 2018 WL 1748132, at *9 (S.D. Ind. Mar. 13, 2018), *report and*

*recommendation adopted,* No. 1:17-CV-3096-RLM-MPB, 2018 WL 1745965 (S.D. Ind. Apr. 11, 2018) (same); *Omar v. Experian Info. Sols., Inc.*, No. 1:10-CV-01047-TWP, 2012 WL 2930778, at *5 (S.D. Ind. July 18, 2012) (same).

Recent interpretation of this line of authority clarifies that a CRA can only be liable if it failed to update information within a credit file that was "objectively and readily verifiable." *See Sessa v. Trans Union, LLC,* 74 F.4th 38 (2nd Cir. 2023); *Holden v. Holiday Inn Vacations Incorporated*, 98 F.4th 1359, 1368 (11th Cir. 2024). Recently in *Roberts v. Carter-Young, Inc.,* No. 23-1911, 2025 WL 807264 (4th Cir. Mar. 14, 2025), the Fourth Circuit explained in their opinion what it means for information to be "objectively and readily verifiable." The court held that "a dispute that involves complex fact-gathering and in-depth legal analysis of the sort that courts would typically perform is not objectively and readily verifiable." *Id*. at *6.

Resolution of Plaintiff's dispute in this case would require the level of "complex fact-gathering and in-depth legal analysis" that a CRA is not required to perform under the FCRA. Here, Plaintiff admits that he did not make his full, required monthly mortgage payment in October 2023. *See* Amended Complaint ¶¶ 22-23. He also admits that the separate insurance payment was not received by Axos until November 2023, and that Axos placed the October payment into a suspense account. *Id*. ¶ 26. Therefore, it is clear that Plaintiff's required monthly payment was <u>not</u> made on time in October 2023, regardless of whether the funds were placed in a suspense account or not. As such, Axos's reporting to Trans Union that the account was 30 days late in November 2023[4] is factually accurate and Plaintiff's claims fail in their entirety.

---

[4] The reporting of a late payment notation in the month following the delinquency is industry standard. This makes logical sense because an account cannot be 30 days late until the month following the missed payment. If Plaintiff's allegations are taken as true, it is unclear why Axos would report the account as late to Experian in October 2023, but it does not impact an analysis of the claims against Trans Union.

However, to the extent that Plaintiff believes he should not have been assessed the additional insurance premium, that Axos should have accepted his partial payment in October 2023, that the insurance premium should have been considered timely paid because it was mailed by the bank in late October 2023 (even though it was not received until November 2023) and that Axos should have retroactively credited his account, all such arguments attack the <u>legal</u> validity of the debt. And as discussed above, determining the legal validity of the reporting is something that Trans Union is "neither qualified nor obligated to resolve" under the FCRA. *See supra* at 3. Therefore, Plaintiff has not alleged an actionable inaccuracy in Trans Union's reporting and the claims against Trans Union should be dismissed in their entirety.

> **B.    Plaintiff's Amended Complaint Should Be Dismissed With Prejudice Because Plaintiff Cannot Manipulate The Facts To State An Actionable Claim Against Trans Union Under The FCRA.**

Federal Rule of Civil Procedure ("Rule") 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend should be denied if amendment would be futile. *See, e.g., Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir.2007). Amendment is futile "when 'the new pleading would not survive a motion to dismiss.'" *Pursley v. City of Rockford*, No. 18-CV-50040, 2021 WL 2206163 at *1 (quoting *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013)).

Here, Plaintiff cannot craft any set of facts that would make amendment viable. Plaintiff admits that he did not make his full, required monthly mortgage payment in October 2023. *See* Amended Complaint ¶¶ 22-23. He also admits that the separate insurance payment was not received by Axos until November 2023, and that Axos placed the October payment into a suspense account. *Id*. ¶ 26. Therefore, Plaintiff cannot allege that his October payment was made on time.

And to the extent that Plaintiff argues Axos should have handled the situation differently, determining the legal effect of their actions pursuant to Plaintiff's loan agreement is something that Trans Union is "neither qualified nor obligated to resolve" under the FCRA. *See supra*. Under such circumstances, Plaintiff cannot allege any additional facts to demonstrate that Trans Union's reporting of the account was inaccurate and Plaintiff's Amended Complaint should be dismissed with prejudice.

### IV. CONCLUSION

For all the foregoing reasons, Trans Union respectfully requests that the Court grant the Motion, dismiss Plaintiff's Amended Complaint against Trans Union in its entirety, with prejudice, and award Trans Union its fees and costs incurred in defending this action, along with such other relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Scott E. Brady*
Scott E. Brady, Esq. (IL# 30534-49)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 602
Fax: (317) 899-9348
E-Mail: sbrady@qslwm.com

*Lead Counsel for Defendant Trans Union LLC*

Sydney O. Burden, Esq.
Trans Union LLC
555 W. Adams St.
Chicago, IL 60661
Telephone: (773) 527-3385
E-Mail: sydney.burden@transunion.com

*Counsel for Defendant Trans Union LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **25th day of September, 2025**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| Heather B. Hersh, Esq. heather@jaffer.law | Samuel E. Ferguson, Esq. sferguson@jonesday.com |
|---|---|
| Pamela Q. Devata, Esq. pdevata@seyfarth.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **25th day of September, 2025** properly addressed as follows:

| None. | |
|---|---|

        */s/ Scott E. Brady*
        Scott E. Brady, Esq. (IL# 30534-49)
        Quilling, Selander, Lownds, Winslett
         & Moser, P.C.
        10333 North Meridian Street, Suite 200
        Indianapolis, IN 46290
        Telephone: (317) 497-5600, Ext. 602
        Fax: (317) 899-9348
        E-Mail: sbrady@qslwm.com

        *Lead Counsel for Defendant Trans Union LLC*